UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------ X

S.A.W. and S.N.W. *minor children, by their mother and natural guardian, Sabrina Fuller*, and SABRINA FULLER, *individually*,

                    Plaintiffs,

- against -

CHANDRAKALLI SUKHNANDAN,

                    Defendant.

------------------------------------------------------------ X

DECISION and ORDER ADOPTING RECOMMENDATION and DENYING DEFENDANT'S MOTION TO DISMISS

16 Civ. 2038 (AMD) (RER)

**ANN DONNELLY**, District Judge.

The plaintiffs, Sabrina Fuller and her minor children, filed this lawsuit on April 26, 2016, seeking a total of twenty million dollars in damages for alleged violations of 42 U.S.C. Section 4852d and the New York City Childhood Lead Poisoning Prevention Act, and for common law negligence, in connection with their exposure to lead paint contamination in an apartment located in Ozone Park, New York, and leased to them by the New York defendant. In their complaint, the plaintiffs allege that this Court has diversity jurisdiction over this action, pursuant to 28 U.S.C. Section 1332, because the plaintiffs have relocated to Jonesboro, Georgia, and because the amount in controversy exceeds $75,000.[1] (Compl. ¶¶ 1–3.)

Based on the allegations in the complaint and the parties' representations at a June 23, 2016 conference before him, Magistrate Judge Ramon Reyes raised *sua sponte* the question of whether the plaintiffs are citizens of New York, and not Georgia, and thus whether this court has

---

[1] The plaintiffs do not contend that this Court has federal question jurisdiction, pursuant to 28 U.S.C. Section 1331, despite the allegation, among others, that the defendant violated federal law. (*See* Compl. ¶¶ 1–3; June 23, 2016 Hearing Tr. at 9.)

1

diversity jurisdiction over this action.[2] In a docket entry following an evidentiary hearing on August 11, 2016, Judge Reyes recommended a determination that diversity jurisdiction, pursuant to 28 U.S.C. Section 1332, is present, and that any motion to dismiss for lack of diversity jurisdiction be denied.

On August 5, 2016, the *pro se* defendant filed a motion to dismiss the complaint for lack of subject matter jurisdiction, or in the alternative, for failure to state a claim for relief. In support of her motion, the defendant argued that there is no private right of action to enforce 42 U.S.C. Section 4852(d). The plaintiffs did not formally oppose the motion to dismiss; however, at the August 11, 2016 evidentiary hearing, they maintained that the complaint also states a claim for negligence.

## BACKGROUND

### A. Allegations in the Complaint

The plaintiffs, Sabrina Fuller and two infant children, allege that they currently live in Georgia. They seek 20 million dollars in damages in connection with injuries that the minor children allegedly sustained, resulting from their exposure to lead paint in the basement apartment rented to them by the New York defendant.

According to the plaintiffs, the basement apartment was located at 95-14 93rd Street in Ozone Park, New York; the apartment building was built prior to 1960, and it was a multiple family dwelling with three or more residential units. (Compl. ¶¶ 6–9.) The defendant owned and maintained the building, including the basement apartment. (Compl. ¶¶ 4–5.)

The plaintiffs contend that the defendant knew that the apartment contained lead particles—including peeling and cracked lead pain, lead paint chips, and dust—above regulatory

---

[2] This case was assigned to me in February of 2017.

limits. (Compl. ¶ 12.) Further, the plaintiffs maintain that the defendant negligently and recklessly failed to abate the lead-based paint in the basement apartment. (Compl. ¶ 16.)

As a result of the defendant's conduct, the plaintiffs assert that the infant plaintiffs "sustain[ed] severe and permanent personal injuries and were required to seek and obtain medical care and attention, and upon information and belief, will be compelled to do so in the future." (Compl. ¶ 20.)

### B. August 11, 2016 Evidentiary Hearing

Judge Reyes directed the parties to address the issue of the plaintiffs' residence on the date that the complaint was filed, April 26, 2016.

The defendant maintained that the plaintiffs were living in New York, in the basement apartment, because the defendant saw Ms. Fuller.[3] (Aug. 11, 2016 Hearing Tr. at 16–17.) However, the defendant did not see the infant children after the date that they first moved in, and prior to the initiation of this lawsuit. (Tr. at 23.) Additionally, the defendant could not determine whether Ms. Fuller was living in the basement because the locks had been changed. (Tr. at 21.)

As of April 26, 2016, Ms. Fuller was a customer service agent for Delta airlines. (Tr. at 40–41.) She testified that she and her two children moved to Georgia, where Delta is headquartered, in March of 2016. (Tr. at 31–32.) She signed a lease on March 17, 2016, (Tr. 32 at 32–33; Pl.'s Ex. 1), and formally withdrew her school-age child from a New York school on March 31, 2016, so that she could register her into the schools in Georgia. (Tr. at 34–35; Pl.'s

---

[3] The plaintiffs construe the defendant's argument that the defendant saw Ms. Fuller to stand for the proposition that the defendant saw Ms. Fuller on June 23, 2016. Indeed, the defendant testified on June 23, 2016 that she had seen Ms. Fuller earlier that same morning. Ms. Fuller testified that the defendant could not have seen her at the basement apartment on June 23, 2016 because the plaintiff attended a movie with her daughter and bought her birthday presents in Georgia; her testimony was corroborated by ticket stubs and a Wal-Mart receipt. (Tr. at 40; Pl.'s Ex. 4.)

3

Ex. 2.) She took a written and driving test in April of 2016 in order to obtain a Georgia driver's license. (Tr. at 37; Pl.'s Ex. 4.)

The plaintiff flies to New York frequently,[4] and spends two days a week in New York for work. (Tr. at 41.) Thus, for every five days she spends in Georgia, she spends two in New York. (Tr. at 41.) However, the plaintiff continued to receive public assistance from New York after she moved to Georgia. (Tr. at 43–44.)

**C. Procedural History**

The plaintiffs filed this action on April 26, 2016. Judge Reyes held a status conference on June 23, 2016, and scheduled an evidentiary hearing to address whether the court has subject matter jurisdiction over the action.[5] A few days before the scheduled hearing, the defendant filed a motion to dismiss, claiming that the court does not have subject matter jurisdiction, and that the complaint fails to state a claim upon which relief can be granted. (ECF No. 10.) The defendant and Ms. Fuller testified at the August 11, 2016 evidentiary hearing, and both parties submitted exhibits. On October 20, 2016, the plaintiff, as directed by the court, submitted a letter memorandum on diversity. (ECF No. 14.)

On February 7, 2017, Judge Reyes recommended a determination that diversity jurisdiction pursuant to 28 U.S.C. Section 1332 is present. He found that, the evidence at the hearing established that the minor plaintiffs and their mother, Ms. Fuller, are citizens of Georgia, and that "Ms. Fuller's sporadic, part-time residence in New York does not defeat diversity jurisdiction." It has been more than fourteen days since the service of the recommendation, and the parties have not filed objections.

---

[4] Ms. Fuller received free flights from Delta. (Tr. at 40–41.)
[5] This case was assigned to me in February of 2017.

4

## DISCUSSION

Judge Reyes recommends, without object, a determination that this court has subject matter jurisdiction. Separately, the defendant moves to dismiss the complaint, and asserts that it fails to state a claim upon which relief can be granted because there is no private right of action for violations of 42 U.S.C. Section 4852d.

### A. Subject Matter Jurisdiction

The court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). If there were no objections, the district court need only find that the recommendation was not clearly erroneous. *Press Clean Sales, LLC v. Maxum Trans Inc.*, No. 15-cv-3857-ADS-AYS, --- F. Supp. 3d ---, 2017 WL 563979, at *1 (E.D.N.Y. Feb. 10, 2017).

Under Section 1332(a)(1), the court has subject-matter jurisdiction over actions between citizens of different states, where the matter in controversy is more than $75,000. "[D]iversity jurisdiction is available only when all adverse parties to a litigation are completely diverse in their citizenships." *Herrick Co. v. SCS Commc'ns, Inc.*, 251 F.3d 315, 322 (2d Cir. 2001). A party's citizenship for purposes for Section 1332 is a mixed question of law and fact. *Palazzo ex rel. Delmage v. Corio*, 232 F.3d 38, 42 (2d Cir. 2000). The party seeking to invoke jurisdiction pursuant to Section 1332 has the burden of establishing that the grounds for diversity exist. *Herrick*, 251 F.3d at 322.

An individual's citizenship depends on her domicile. *Durant, Nichols, Houston, Hodgson & Cortese-Costa, P.C. v. Dupont*, 371 F. App'x 135, 137 (2d Cir. 2010) (quoting *Linardos v. Fortuna*, 157 F.3d 945, 948 (2d Cir. 1998)). Domicile is "the place where a person has his true fixed home and principal establishment, and to which, whenever he is absent, he has

the intention of returning." *Palazzo*, 232 F.3d at 42 (citation omitted). A person only has one domicile at a time. *Id.* To change her domicile, a person must take up residence in a new domicil and intend to remain. *Id.*

I agree with Judge Reyes' conclusion that the plaintiffs have met their burden of demonstrating that they are citizens of Georgia, and thus are "citizens of a different state" from the New York defendant. Ms. Fuller's Georgian driver's license, residence in Georgia, and decision to enroll her children in Georgia all support her contention that she was a resident of Georgia on April 26, 2016, and that she intended to remain there. *See Durant, Nichols*, 371 F. App'x at 137. Ms. Foster's trips to New York for part-time work do not undo her Georgia citizenship; it is evident that the plaintiff moved to Georgia with the intention to stay.

I have considered the plaintiff's complaint, the transcript of the August 11, 2016 hearing and associated exhibits, the plaintiff's submission on diversity jurisdiction, and the applicable law. I have reviewed the recommendation for clear error; finding none, I adopt Judge Reyes' recommended determination that diversity jurisdiction is present, and deny the defendants' motion to dismiss for lack of subject matter jurisdiction.

**B. Residential Lead-Based Hazard Reduction Act Claim**

In her motion to dismiss, the defendant maintains that the plaintiffs fail to state a claim for violations of the Residential Lead-Based Paint Hazard Reduction Act ("RLPHRA"), 42 U.S.C. Section 4852d, which requires landlords to provide lessees with a lead warning statement. The defendant contends that the Act does not provide for a private cause of action.

Congress enacted the RLPHRA to, among other objectives, "develop a national strategy to build the infrastructure necessary to eliminate lead-based paint hazards in all housing as expeditiously as possible." 42 U.S.C.A. § 4851a(1). The RLPHRA directs the Secretary of the

Department of Housing and Urban Development ("HUD") and the Administrator of the Environmental Protection Agency ("EPA") to create regulations requiring the disclosure of lead-based paint hazards in particular types of housing which is offered for sale or lease. 42 U.S.C.A. § 4851d(a)(1). The statute specifies that the regulations shall require that the lessor:

a. provide the purchaser or lessee with a lead hazard information pamphlet . . . ;

b. disclose to the purchaser or lessee the presence of any known lead-based paint, or any known lead-based paint hazards . . .;

c. permit the purchaser a 10 day period . . . to conduct a risk assessment or inspection for the presence of lead-based paint hazards.

*G.M.M. v. Kimpson*, 92 F. Supp. 3d 53, 70 (E.D.N.Y. 2015) (quoting 42 U.S.C.A. § 4851d(a)(1)).

> The Act specifies that the Lead Warning Statement must contain the following:
>
> Every purchaser of any interest in residential real property on which a residential dwelling was built prior to 1978 is notified that such property may present exposure to lead from lead-based paint that may place young children at risk of developing lead poisoning. Lead poisoning in young children may produce permanent neurological damage, including learning disabilities, reduced intelligence quotient, behavioral problems, and impaired memory. Lead poisoning also poses a particular risk to pregnant women. The seller of any interest in residential real property is required to provide the buyer with any information on lead-based paint hazards from risk assessments or inspections in the seller's possession and notify the buyer of any known lead-based paint hazards. A risk assessment or inspection for possible lead-based paint hazards is recommended prior to purchase.

42 U.S.C.A. § 4852d(a)(3).

The Act sets out penalties for violations of RLPHRA and associated regulations. As relevant here, the RLPHRA provides that "[a]ny person who knowingly violates the provisions of this section shall be jointly and severally *liable to the purchaser or lessee* in an amount equal to 3 times the amount of damages incurred by such individual." 42 U.S.C.A. § 4852d(b)(1) (emphasis added); *see also Sweet v. Sheahan*, 235 F.3d 80, 87 (2d Cir. 2000). Thus, the plain language of the statute provides for a private right of action. Moreover, courts in this circuit

have repeatedly held that the regulations, promulgated pursuant to the Act, are privately enforceable, such that a lessee may recover damages from a defendant who violates the RLPHRA. *See Morris v. Flaig*, 511 F. Supp. 2d 282, 302 (E.D.N.Y. 2007); *cf. Kimpson*, 92 F. Supp. 3d at 72.

Accordingly, the defendant's motion to dismiss on the grounds that the RLPHRA does not include a private right of action is denied.

## CONCLUSION

For the foregoing reasons, I adopt Judge Reyes' recommended determination that this Court has diversity jurisdiction over this action, and I deny the defendant's motion to dismiss.

**SO ORDERED.**

                                        s/Ann M. Donnelly
                                        Ann M. Donnelly
                                        United States District Judge

Dated: Brooklyn, New York
        March 1, 2017